**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | ) | |
|---|---|---|
| HARD DRIVE PRODUCTS, | ) | |
| | ) | Case No. 1:12-cv-01532 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **Honorable Edmond E. Chang.** |
| | ) | |
| DOES 1-54, | ) | **Magistrate Judge Susan E. Cox** |
| | ) | |
| Defendants. | ) | |
| | ) | |
| | ) | |
| | ) | |

**DEFENDANT 75.5.75.57'S MOTION TO QUASH SUBPOENA ISSUED TO AT&T
INTERNET SERVICES**

Defendant identified as Internet Protocol Number 75.5.75.57 (January 7, 2012), through his counsel Greer, Burns & Crain, Ltd., moves this Court to quash the subpoena duces tecum served upon AT&T Internet Services, without prejudice as to the filing of any subsequent motions under Fed. R. Civ. P. 12, and states as follows:

**FACTS**

The following facts are set out in the attached declaration (**Exhibit 1**) of Defendant 75.5.75.57 (January 7, 2012):

1.  In a letter dated May 3, 2012, Defendant received a letter from AT&T stating that an Internet Protocol number assigned to him on January 7, 2012 at 06:22:34 UTC (12:22 am Central Time), 75.5.75.57 was named as a Defendant in the above-captioned case.

1

2.     The May 3, 2012 letter further stated that Plaintiff was seeking Defendant's personal information, including telephone number and email address, pursuant to a subpoena issued on April 20, 2012 (letter attached as **Declaration Exhibit A** with recipient's name and address redacted).

3.     Defendant understands that the Complaint in this action relates to the downloading and file sharing of the adult video "Amateur Allure – Lola Foxx."

4.     Defendant is 73 years old and doesn't download any movies on his computer.

5.     Defendant has an internet connection in his home that includes a wireless router.

6.     Defendant found out during the last week of December, 2011, that his router was not secured with a password, and that anyone within range of his router could access the internet through his router.

7.     Defendant purchased a new wireless router on January 31, 2012 and has since secured his router with a password.

8.     Defendant does not visit any internet web sites that have adult videos and Defendant has never downloaded any adult video.

9.     The only people that have access to any computer of Defendant that uses Defendant's wireless router are Defendant, his wife and his great grandson who is only 4 years old and only watches Thomas the Train videos on Defendant's computer when Defendant is with him.

9.     Defendant does not know who might have been in range of his wireless router on January 12, 2012 at 12:22 am that might have downloaded any movies and he did not authorize anyone else to access the internet through his router.

10.     Defendant is not awake, and certainly is not on the computer at 12:22 in the morning.

11.     Based on his schedule, Defendant knows that he was not on his computer at 12:22 am on Saturday, January 7, 2012.

12.     Defendant shuts off his computer overnight.

13.     Defendant's wife does not go onto the internet.

14.     Defendant and his wife are a Christian family and don't believe in websites that would carry adult videos as described in the Complaint in this action.

15. Defendant was not involved in the downloading or file sharing of the adult video described in the Complaint in this action and should not be named as a Defendant in this action.

16. Involving Defendant further in this lawsuit will be detrimental to his finances and his health.

17. The acts alleged in the Complaint go against Defendant's religion.

18. Defendant has an expectation of privacy and expects that AT&T maintain his identity and his personal information, such as telephone number and email address private and confidential.

The following facts are set out in the attached declaration (Exhibit 2) of Kevin W. Guynn, counsel for Defendant:

19. Kevin Guynn, counsel for this Defendant, sent an email to Paul Duffy, an attorney at Prenda Law who has appeared for Plaintiff in this case, on May 14, 2012 (**Declaration Exhibit B**).

20. In the email, Defendant offered to have a court appointed computer expert analyze Defendant's computers to confirm whether the allegedly downloaded videos were present on Defendant's computers.

21. Defendant proposed that if the expert determined that the videos were not present, that Plaintiff pay the cost of the expert, and dismiss the action as to Defendant, but that if the expert determined that the videos were present, then Defendant would pay the cost of the expert.

22. On May 15, 2012, Mark Lutz, who identified himself as an attorney with Prenda Law, telephoned Kevin Guynn, and declined the proposal made by Defendant.

23. Mr. Lutz stated that it was too early in the case for Plaintiff to know whether someone else's computer might have been involved in the downloading of the video, and thus could not agree to dismissal of the Defendant.

24. Mr. Lutz stated that Defendant could be dismissed from each case that his IP address was identified in by the payment of $3400 for each lawsuit.

25. Mr. Lutz further stated that this Court would be denying Defendant's Motion to Quash the subpoena and that once that happened, the required payment for settlement would go up.

## STANDING

Defendant has standing to challenge the subpoena issued by the Plaintiff to AT&T Internet Services in that AT&T has notified Defendant that he is about to be identified to Plaintiff as a result of the subpoena, his personal and private information, well beyond even his identifying information, is to be disclosed to Plaintiff and that Defendant's modem was assigned the Internet Protocol number 75.5.75.57 on January 7, 2012, one of the Defendants listed in Exhibit A to the Complaint. By providing Defendant with the attached notice, AT&T has effectively transferred to Defendant the right and obligation to object to the subpoena since AT&T has indicated it will not provide any objection on Defendant's behalf.

The Seventh Circuit Court of Appeals has held that a party has standing to move to quash a subpoena addressed to another if the subpoena infringes upon the movant's legitimate interests.

"The defendant urges that the prosecution had no standing or authority to move to quash the subpoena. We disagree. A party has standing to move to quash a subpoena addressed to another if the subpoena infringes upon the movant's legitimate interests. *In re Grand Jury,* 619 F.2d 1022, 1027 (3rd Cir. 1980). The prosecution's standing rested upon its interest in preventing undue lengthening of the trial, undue harassment of its witness, and prejudicial over-emphasis on Gasbarri's credibility."

U.S. v. Raineri, 670 F.2d 702, 712 (7th cir. 1982)

In the present case, the Defendant has legitimate interests which would be infringed upon if the subpoena is not quashed as to him, namely, his first amendment right to privacy, his personal privacy, his being identified and publically associated with conduct that is repugnant to him and against his religious values, and for which he had no involvement, and for which Plaintiff cannot assert with any certainty that he did have any involvement. See also footnote 3, infra.

In a similar case, VPR Internationale v. Does 1017, C.D. IL, 2:11-cv-02068-HAB-DGB, in which the plaintiff was represented by John Steele of Steele Hansmeier PLLC, a lawyer and law firm that appear to be closely associated with Prenda Law and the current Plaintiff[1], It was

---

[1] In an Order dated April 29, 2011, Judge Baker identified other plaintiffs represented by Mr. Steele, including the present Plaintiff, Hard Drive Productions, Inc. (Document 15, page 2).

reported by Judge Baker, in an Order (**Exhibit 3**) denying certification for interlocutory review, that "VPR argues that, if served with a subpoena, the ISPs are required by law to notify each targeted subscriber and the Does may then move the court to quash the subpoenas." Thus, the lawyer who represents this Plaintiff in other cases has told a Federal Judge that "Does may move the court to quash the subpoenas." For this Plaintiff to come in to this Court and argue otherwise would constitute a serious misrepresentation to one of the Courts.

## ARGUMENT

This lawsuit is one of hundreds that have been filed by the Prenda Law Inc. and its predecessor/associated firm, Steele, Hansmeier PLLC and /or Steele Law Firm[2], with whom they share a suite in Chicago. In these cases, dozens to thousands of Doe defendants are joined in a single action, the Plaintiff files a motion for expedited discovery, obtains court authorization to serve subpoenas on ISPs who then notify their customers that unless the customer files a motion in court to quash the subpoena, the ISP will release confidential indentifying information to the Plaintiff's attorneys. The Plaintiff's attorneys then use this information to coerce the identified persons to "settle" the litigation by paying several thousands of dollars, before being publically named as downloading pornographic materials. See description by Judge Holderman in <u>Pacific Century International, Ltd. v. John Does 1-37 (and others)</u>, 12 C 1057 (N.D. IL Docket #23 at page 6, March 30, 2012)(**Exhibit 4**).

Courts are becoming increasingly dismayed by these suits, with critical decisions being rendered in many jurisdictions, in addition to the foregoing decision of Judges Holderman and Baker, such as <u>In re: Bittorrent Adult Film Copyright Infringement Cases</u>, 2:12-cv-01147-JS-

---

[2] Prenda Law Inc. lists its address as 161 N. Clark Street, Suite 3200, Chicago, IL, 60601, Steele Hansmeier PLLC lists its address as 161 N. Clark Street, Suite 4700, Chicago, IL 60601, Steel Law Firm lists its address as 161 N. Clark Street, Suite 3200, Chicago, IL 60601. Paul Duffy has filed an appearance in this case listing an email address of paduffy@wefightprivacy.com and John L. Steele (of Steele Hanmeier) has filed an appearance in a similar case, listing his email address as jlsteele@wefightpiracy.com. The Illinois ARDC records list his address as 161 N. Clark Street, Suite 3200, Chicago, IL 60601

GRB (E.D.N.Y Docket #4, May 1, 2012)(**Exhibit 5**)[3] and AF Holdings LLC v. Does 1-135, 5:11-cv-03336-LHK (N.D. CA Docket 42, February 23, 2012)(**Exhibit 6**).

The Courts are recognizing that these lawsuits are part of an overall pattern or business plan of extorting "settlement" money from identified Does, and there is no intent to actually move forward with the litigation after the "Does" have been identified. In the AF Holdings case in California, upon Order of the Court for information, the Prenda Law firm stated that of the several thousand Does that had been identified in the 118 cases it had filed, not a single Doe had ever been served with the Complaint and Summons (see **Exhibit 6**, answer to question 9).

The Plaintiff here has cast a wide net in an attempt to identify the owners of various internet connection devices, such as modems and routers that were allegedly associated with the transfer of portions of an adult video. Although the Complaint Exhibit A identifies IP Address 75.5.75.57 (January 7, 2012 – 06:22:34) as participating in the transfer, the person who AT&T has notified as owning a router being the assignee of that IP Address at that time, has provided a declaration that establishes that neither he, nor any authorized user of that computer equipment, was involved in the complained of activity.

Instead, it is declared that the computer equipment assigned that IP Address on January 7, 2012, was unsecured by a password, and anyone within range of his wireless roiuter would have had access to the internet through his computer equipment.[4]

Since Plaintiff cannot establish that the assignee of IP Address 75.5.75.57 (January 7, 2012 – 06:22:34) was the person that actually was involved in the activity complained of in the Complaint, the subpoena seeking to have AT&T reveal the identity of the assignee of that IP Address should be quashed.

The Magistrate in In re: Bittorrent stated that the likelihood that the payer of the bill sent by ISPs was the actual downloader/infringer in these cases is not high, and therefore the danger in allowing Plaintiff's to engage in this wide net type of discovery, especially to discover private information beyond that required to identify potential defendants and serve them with a Summons and Complaint is high (see **Exhibit 5** pages 6-8). In that case, the Court severely

---

[3] The Court in In re: Bittorrent specifically recognized that the individual Does identified by their IP addresses would have the right to challenge the propriety of the subpoena being issued (see decision at page 24, paragraph (3)).

[4] The factual defenses raised by the Defendant in this case are very similar to several of the defenses raised in In re: Bittorrent, **Exhibit 5** at page 5.

limited the type of information that the Plaintiff was entitled to seek from the ISP (as well as limiting the subpoena to only a single Defendant per case).

As Doe 75.5.75.57 has stated in the attached declaration, he regards his personal information, including telephone number and email address private, and disclosure of this information to Plaintiff's attorneys should not be permitted. Further, Plaintiff's attorneys have no need for this information, since they now know that this Defendant is represented by counsel and therefore under the ethical rules in the State of Illinois, they are prohibited from directly contacting this Defendant, other than to serve the Complaint and Summons.

The Courts in their decisions have been identifying other substantive issues with these types of cases, such as improper joinder of defendants, see In re: Bittorrent, **Exhibit 5** at pages 18-21, but it is premature for Defendant to be asserting any Motion under Rule 12 until it has actually been served with the Summons and Complaint. Defendant will leave it to the Court to determine whether any action is desired by the Court sua sponte at this time.

To have the recipient of the AT&T letter in this case identified to Plaintiff will only subject the recipient to further harassment by the Plaintiff, even though the recipient was not involved in the complained of activity. Further, the very nature of the complained of activity is repugnant to the recipient of the AT&T letter and he should not be involved further with this Complaint or this Action.

In an effort to resolve this matter, as well as a related case pending before Judge Dow, that this same Defendant is involved in, Defendant's counsel sent an email to an attorney at Plaintiff's counsel Prenda Law who filed an appearance in the companion case. Defendant offered to make his computers available to a Court appointed computer expert to confirm that the alleged downloaded movie was not on Defendant's hard drive.

Plaintiff's counsel, Mr. Mark Lutz, called Defendant's counsel on March 15, 2012, and declined Plaintiff's offer. Mr. Lutz stated that Plaintiff could not agree with the proposal in that it could be that someone other than Defendant might have performed the downloading. In other words, Mr. Lutz would not agree to dismiss this Defendant because someone other than this Defendant might be the real infringer!

Mr. Lutz did state that this Defendant could be dismissed from the action by payment of $3400 for each action in which his assigned IP address was listed. He stated that after the actual

7

identity was revealed (since he was sure that this Court would deny the Motion to Quash) the price for settlement would increase.

The Magistrate in In re Bittorrent found such refusal to investigate the innocence of an ISP subscriber quite problematical (Exhibit 5 at pages 8-11).

Judge Baker has similar questions himself: "Could expedited discovery be used to wrest quick settlements, even from people who have done nothing wrong? The embarrassment of public exposure might be too great, the legal system too dauting and expensive, for some to ask whether VPR has competent evidence to prove its case." **Exhibit 3** at page 3.

Thus, Prenda law has confirmed that the Plaintiff's sole interest in filing this litigation is to extort a settlement payment from this Defendant, regardless of his guilt or innocence. The power of the court through the subpoena process should not be abused in such a manner.

In view of the above, Defendant submits that this Court should quash the subpoena to AT&T with respect to IP address 75.5.75.57.

Dated this 19th day of March, 2012.

                                          Greer, Burns & Crain Ltd.

                                          Attorneys for Defendant, Internet Protocol Number 75.5.75.57 (January 7, 2012),

                                          _____/s/ Kevin W. Guynn_____
Kevin W. Guynn
Greer, Burns & Crain, Ltd.
300 South Wacker Drive, Suite 2500
Chicago, Illinois 60606
312.360.0080
312.360.9315 (facsimile)
kguynn@gbclaw.net

**CERTIFICATE OF SERVICE**

I hereby certify that on the 19th day of March, 2012, I will electronically file the foregoing with the Clerk of the Court, using the CM/ECF system. I will also serve a copy of the foregoing Notice and Motion on AT&T Internet Services via their fax number 919-319-8154, as per their Notice letter.

Greer, Burns & Crain Ltd.

Attorneys for Defendant, Internet Protocol Number 75.5.75.57 (January 7, 2012)

_____/s/ Kevin W. Guynn_____
Kevin W. Guynn
Greer, Burns & Crain, Ltd.
300 South Wacker Drive, Suite 2500
Chicago, Illinois 60606
312.360.0080
312.360.9315 (facsimile)
kguynn@gbclaw.net