IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| HARD DRIVE PRODUCTIONS, INC., | |
| *Plaintiff*, | No. 12 C 1532 |
| v. | |
| DOES 1 – 54, | Judge Chang |
| | Magistrate Judge Cox |
| *Defendants*. | |

**OBJECTOR COMCAST'S MEMORANDUM IN OPPOSITION
TO MOTION TO COMPEL COMPLIANCEWITH SUBPOENA**

Plaintiff Hard Drive Productions, Inc. ("Hard Drive") is an Arizona corporation that produces pornographic films. Third-Party Objector Comcast Cable Communications LLC ("Comcast") is an Internet service provider in the business of providing Internet access to its subscribers. Hard Drive has filed a motion to compel Comcast to produce the names and addresses of 36 of its subscribers who have allegedly participated in a Bit Torrent "swarm" involving one of Hard Drive's films, an effort entitled "Amateur Allure – Lola Foxx" (the "Film"). Comcast has objected to Hard Drive's motion and submits the following arguments in support of its position an in opposition to Plaintiff's motion to compel.

**I.    PRELIMINARY STATEMENT**

The above-captioned docket arises from a copyright infringement case filed by Hard Drive wherein Hard Drive alleges that certain anonymous defendants infringed its copyright in the Film by distributing and downloading unauthorized copies or excerpts over the Internet. (*See* Dkt. 1, Compl. ¶¶ 1, 3). Comcast is not a defendant in this action and is not alleged to have done anything wrong. Instead, Comcast has been served with a subpoena that Hard Drive has caused

1

to be issued out of this Court requiring Comcast to provide the names and addresses of its customers who Hard Drive contends illegally downloaded the copyrighted work via the Bit Torrent file sharing protocol. (*Id.* ¶ 4).

Hard Drive's subpoena is improper and its motion to compel should be denied on a variety of well-established grounds, mostly stemming from the fact that the 36 John Does have been improperly joined in a single action. In particular, Comcast objects to Hard Drive's subpoena on the grounds that Hard Drive has not obtained a valid court order authorizing disclosure of subscribers' identifying information as required by 47 U.S.C. § 551(c)(2)(B); Comcast contends that such an order should not be entered by this Court because of the misjoinder. The rules for joinder of the alleged co-conspirators in the underlying copyright action have not been met because—as courts have repeatedly and resoundingly held—the alleged use of BitTorrent technology does not satisfy the requirements for permissive joinder. (*See* Dkt. 20-2, Comcast Objection Ltr.) (referred to herein as the "Objection Letter," and attached as Exhibit "A" hereto).

Chief Judge Holderman recently held in six consolidated proceedings nearly identical to the instant one,[1] and each brought by Hard Drive's attorneys in the instant case, that "subpoenas

---

[1] Judge Holderman's cases differ from the instant one in one respect. In the instant case, the plaintiff has sued a number of John Does whom it alleges participated in a swarm. In Judge Holderman's cases, the plaintiff sued only one John Doe and then issued a subpoena asking for the names and addresses of the other alleged participants in the swarm. Judge Holderman noted that issuing a subpoena for non-party information was a "new tactic" plaintiffs had adopted in the face of "stiffening judicial headwind" in order to avoid the joinder issues presented by cases identical to the instant one. The tactic was unavailing. As Judge Holderman stated:

> What the plaintiffs may not do, however, is improperly use the court's processes by attempting to gain information about hundreds of IP addresses located all over the country in a single action, especially when many of those addresses fall outside of the court's jurisdiction.

seeking the identity of users of non-party IP [Internet Protocol] addresses are not reasonably calculated to lead to the discovery of evidence relevant to the pending claims." *Pacific Century Int'l v. John Does 1-37, et al.*, 2012 WL 1072312 (N.D. Ill. Mar. 30, 2012).[2] In that opinion, the Court denied motions to compel discovery of non-party IP addresses from the ISPs because, among other things, the underlying conspiracy charges lacked evidence of an agreement among the purported co-conspirators. *Pacific Century Int'l v. John Does 1-37, et al.*, 2012 WL 1072312, at *7 (N.D. Ill. Mar. 30, 2012).

As more fully set forth below, Hard Drive's motion to compel compliance should be denied for the following reasons:

*First*, the rules for joinder of the Doe defendants and/or their alleged co-conspirators cannot be satisfied in the underlying action and, therefore, the subpoena seeking to identify the improperly joined owners of IP addresses is not reasonably calculated to lead to the discovery of evidence relevant to the pending claims. Fed. R. Civ. P. 26(b)(1) and 45. Indeed, the lack of proper joinder is evident on the face of the exhibit attached to Hard Drive's complaint in the underlying action, which reflect that the alleged illegal activities of the different IP addresses occurred on different days and times over a near *four month* time period.

*Second*, Hard Drive should not be allowed to profit from unfair litigation tactics whereby Hard Drive uses the offices of the Court as an inexpensive means to gain Doe defendants' personal information and coerce "settlements" from them. It is evident in this case—and the multitude of cases filed by Hard Drive and other pornographers represented by its counsel—that Hard Drive has no interest in actually litigating its claims against the Doe defendants, but simply seeks to use the Court and its subpoena powers to obtain sufficient information to shake down

---

[2] The Plaintiffs in those consolidated cases filed a motion to alter or amend judgment that has been briefed and is pending before Judge Holderman.

the Doe defendants. The Federal Rules require the Court to deny discovery "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c)(1). This case requires such relief.

## II. ARGUMENT

### A. Legal Standard

When a motion to compel compliance with a subpoena is filed against a non-party, Rule 45(c)(3) requires the court to quash or modify the subpoena if it "subjects a person to undue burden." Fed. R. Civ. P. 45(c)(3)(A)(iv). To determine the existence of undue burden, this Court should compare the burden of compliance with the benefit of production of the material sought. *Northwestern Mem'l Hosp. v. Ashcroft*, 362 F.3d 923, 927 (7th Cir. 2004). Non-party status is a significant factor when comparing the burden of compliance and the benefit of production. *United States v. Amerigroup Ill., Inc.*, No. 02 C 6074, 2005 WL 3111972, at *4 (N.D. Ill. Oct. 21, 2005). Where, as here, the underlying action has significant procedural defects and the purpose of the subpoena is manifestly not to obtain information for use in this litigation but to extract money from numerous unrelated individuals, any burden put upon a non-party to identify such individuals is an *undue* burden. *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 352 n.17 (1978) ("[W]hen the purpose of a discovery request is to gather information for use in proceedings other than the pending suit, discovery properly is denied.").[3]

---

[3] *Accord Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980) (pre-Rule 26 discovery should be denied where the court concludes that discovery "would not uncover [the defendants'] identities, or that the complaint would be dismissed on other grounds"); *Exponential Biotherapies, Inc. v. Houthoff Buruma N.V.*, 638 F. Supp. 2d 1, 11 (D.D.C. 2009) (plaintiff must "reasonably 'demonstrate[] that it can supplement its jurisdictional allegations through discovery'"); *United States v. Columbia Broad. Sys., Inc.*, 666 F.2d 364, 371-72 (9th Cir. 1981) ("Nonparty witnesses are powerless to control the scope of litigation and discovery, and should not be forced to subsidize an unreasonable share of the costs of a litigation to which they are not a party.").

### B. Joinder of the Doe Defendants Is Improper

The Complaint relies on the "swarm joinder" theory promoted by Hard Drive in this case, and by Hard Drive and other pornographic film producers in numerous other cases. Rule 20 governs the permissive joinder of parties and provides that defendants may be joined in one action where a plaintiff states a right to relief "arising out of the same transaction, occurrence, or series of transactions or occurrences," and "any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a)(2)(A) & (B). Hard Drive argues that every owner of an IP address that allegedly participates in a BitTorrent "swarm" is acting in concert to violate Hard Drive's copyright. However, as Comcast has pointed out in its Objection Letter, the exhibit attached to Hard Drive's Complaint reflects that the alleged illegal activity of the different IP addresses occurred on different days and times over a nearly *four month* time period, which negates the allegation that all of the Doe defendants were part of a single swarm. If the joinder of the Doe defendants cannot be satisfied in the underlying action, compelling discovery of these alleged co-conspirators is not proper and Hard Drive's motion to compel must be denied.

Hard Drive asserts that the Doe defendants "took concerted action" and "were collectively engaged in the conspiracy even if they were not engaged in the swarm contemporaneously." (Compl. ¶ 10). However, courts have found that "[m]uch of the BitTorrent protocol operates invisibly to the user – after downloading a file, subsequent uploading takes place automatically if the user fails to close the program." *In Re: BitTorrent Adult Film Copyright Infringement Cases*, 2012 WL 1570765, at *19 (E.D.N.Y. May 1, 2012). Thus, the user plays no role in these interactions. Indeed, "[t]he bare fact that Doe clicked on a command to participate in the BitTorrent Protocol does not mean that they were part of the downloading by unknown hundreds or thousands of individuals across the country or across the world." *Hard Drive Prods., Inc. v. Does 1-188*, 809 F.Supp.2d 1150, 1163 (N.D. Cal. 2011).

*See also Patrick Collins, Inc. v. John Does 1-23*, Case No. 11-cv-15231, at *6 (E.D. Mich. Mar. 26, 2012) ("[S]imply alleging the use of BitTorrent technology … does not comport with the requirements under Rule 20(a) for permissive joinder.")

Moreover, the fact that the alleged downloads took place over a nearly four month period further undermines the allegation that all of the Doe defendants were part of a single swarm. Thus, even assuming, *arguendo*, that the Doe defendants actually infringed Hard Drive's copyright, the assertion that they acted in concert is unsupported by Hard Drive's own evidence. *See Patrick Collins, Inc. v. John Does 1-23*, Case No. 11-cv-15231, at *6 (E.D. Mich. Mar. 26, 2012) ("The nearly three month time span covering this activity suggests the likely possibility that there was never common activity linking the 23 addresses in this matter."); *K-Beech, Inc. v. John Does 1-41*, No. V-11-46, 2012 U.S. Dist. LEXIS 31803, *10 (S.D. Tex. Mar. 8, 2012) ("While [plaintiff] provides the precise date, hour, minute and second at which it alleges that each Doe Defendant was observed to be sharing the torrent of the copyrighted work, [plaintiff] does not indicate how long each Doe Defendant was in the swarm or if any of the Doe Defendants were part of the swarm contemporaneously."); *Raw Films, Ltd. v. Does 1-32*, 2011 WL 6840590, at *2 (N.D. Ga. Dec. 29, 2011) (stating that the "differing dates and times of each Defendant's alleged sharing do not allow for an inference that the Defendants were acting in concert"); *Raw Films, Ltd. v. Does 1-32*, 2011 WL 6182025 at *2 (E.D. Va. 2011) (conduct over a three month time span was "insufficient to meet the standards of joinder set forth in Rule 20"). Consequently, Hard Drive has not satisfied the requirement of establishing that the Doe defendants participated in the same "transaction" or "occurrence" within the meaning of Rule 20.

Under the Federal Rules, discovery is only appropriate if the information sought is "reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P.

26(b)(1); *see also Williams*, 2008 WL 68680, at *3 ("The scope of material obtainable by a Rule 45 subpoena is as broad as permitted under the discovery rules….") (citations omitted). "When evaluating relevancy, "'a court is not required to blind itself to the purpose for which a party seeks information.'" *Id.* (quoting *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 353 (1978)). Accordingly, "'when the purpose of a discovery request is to gather information for use in proceedings other than the pending suit, discovery properly is denied.'" *Id.*

Where, as here, "[t]he plaintiff['s] contention, in essence, is that identities of the individuals associated with the IP addresses will be relevant to claims against future defendants who have not yet been sued," but the ultimate joinder of such defendants is improper, "subpoenas seeking the identity of users of non-party IP addresses are not reasonably calculated to lead to the discovery of evidence relevant to the pending claims." *Pacific Century Int'l v. John Does 1-37, et al.*, 2012 WL 1072312, at *9 (N.D. Ill. Mar. 30, 2012).

Alternatively, because joinder is permissive, this Court may exercise its discretion to sever under Rules 20(b), 21, and 42(b). In determining whether to exercise that discretion, the court should "'examine whether permissive joinder would comport with the principles of fundamental fairness or would result in prejudice to either side.'" *In Re: BitTorrent Adult Film Copyright Infringement Cases*, No. 2:11-cv-03995, at *20 (E.D.N.Y. May 1, 2012) (quoting *On the Cheap*, 2011 WL 4018258, at *2). "'Courts may also consider factors such as the motives of the party seeking joinder and whether joinder would confuse and complicate the issues for the parties involved.'" *Id.* (quoting *SBO Pictures*, 2011 WL 6002620, at *3).

As Judge Holderman pointed out, Hard Drive's strategy in filing these cases effectively precludes consideration of joinder issues at a later point in the proceedings. Entities such as Hard Drive "are not seeking information about the non-party IP addresses for the purpose of

litigating their current claims," but rather, they "intend to either sue the individuals whose identity they uncover or, more likely, to negotiate a settlement with those individuals." *Pacific Century Int'l v. John Does 1-37, et al.*, 2012 WL 1072312, at *10 (N.D. Ill. Mar. 30, 2012). Indeed, due to Hard Drive's litigation strategy, which included avoiding review on the merits except at a preliminary, *ex parte* stage, any determination regarding the propriety of joining the Doe defendants was made without any factual record by a court that was unaware of any fact specific defenses which would strongly weigh against allowing joinder in this action. On this issue, one court has observed: "Joining Defendants to resolve what at least superficially appears to be a relatively straightforward case would in fact transform it into a cumbersome procedural albatross." *Pacific Century*, 2011 WL 5117424, at *3. Therefore, principles of fundamental fairness and judicial economy require that permissive joinder not be allowed in this case.

For these reasons, Hard Drive's Motion should be denied and the subpoenas should be quashed.

      **C.**      **Hard Drive Should Not Be Allowed to Profit From Unfair Litigation Tactics**

Producers of pornographic movies, such as Hard Drive, are using "John Doe" suits *en masse* to identify copyright infringers. As of February 2012, the lawyers representing Hard Drive in this proceeding have to date filed at least 118 such lawsuits against over 15,000 John Does in the last year and a half alone. *See* Decl. of Charles E. Piehl and Ex. A, *AF Holdings, LLC v. Does 1-135*, No. 11 C 3336 (N.D. Cal. Feb. 22, 2012), ECF Nos. 43, 43-1 (providing a list of cases filed by Hard Drive's law firm as of February 24, 2012).

As another court explained, the *modus operandi* of Hard Drive's litigation tactics in these cases is:

> (1) a plaintiff sues anywhere from a few to thousands of Doe defendants for copyright infringement in one action; (2) the plaintiff seeks leave to take early discovery; (3) once the plaintiff

>obtains the identities of the IP subscribers through early discovery, it serves the subscribers with a settlement demand; (4) the subscribers, often embarrassed about the prospect of being named in a suit involving pornographic movies, settle. Thus, these mass copyright infringement cases have emerged as a strong tool for leveraging settlements – a tool whose efficiency is largely derived from the plaintiffs' success in avoiding the filing fees for multiple suits and gaining early access en masse to the identities of alleged infringers.

*MCGIP, LLC v. Doe*, 2011 WL 4352110, at *4 n.5 (N.D. Cal. Sept. 16, 2011).

In cases like this, plaintiffs, like Hard Drive, use a Doe defendant's concern with being publicly charged with downloading pornographic films to wrest settlements from identified subscribers. Many courts evaluating similar cases have shared this concern. *See, e.g., Pacific Century Int'l v. John Does 1-37, et al.*, 2012 WL 1072312, at *3 (N.D. Ill. Mar. 30, 2012) ("the subscribers, often embarrassed about the prospect of being named in a suit involving pornographic movies, settle"); *Digital Sin*, 2012 WL 263491, at *3 ("This concern, and its potential impact on social and economic relationships, could compel a defendant entirely innocent of the alleged conduct to enter an extortionate settlement"); *SBO Pictures*, 2011 WL 6002620, at *3 (defendants "whether guilty of copyright infringement or not – would then have to decide whether to pay money to retain legal assistance to fight the claim that he or she illegally downloaded sexually explicit materials, or pay the money demanded. This creates great potential for a coercive and unjust 'settlement'"). This case is an obvious instance where the court should deny discovery "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c)(1).

In addition to the procedural improprieties discussed *supra*, Hard Drive's tactics "deny the federal courts additional revenue from filing fees in the suits that should be filed to obtain the information the plaintif[f] desire[s]." *Pacific Century Int'l v. John Does 1-37, et al.*, 2012 WL 1072312, at *11 n.15 (N.D. Ill. Mar. 30, 2012) (citing, *CP Production v. Does 1-300*, 2011 WL

9

737761 *1 (N.D. Ill. Feb. 24, 2011) ("No predicate has been shown for thus combining 300 separate actions on the cheap—if CP had sued the 300 claimed infringers separately for their discrete infringements, the filing fees alone would have aggregated $105,000rather than $350."). Thus, in this case, Hard Drive filed a single case, and paid one $350 filing fee rather than $18,900, the amount of filing fees it should have paid for 54 separate actions, to limit its expenses as against the amount of settlements it is able to negotiate.[4] "Postponing a determination on joinder in these cases 'results in lost revenue of perhaps millions of dollars (from lost filing fees) and only encourages plaintiffs in copyright actions to join (or misjoin) as many doe defendants as possible.'" *In Re BitTorrent Adult Film Copyright Infringement Cases*, 2012 WL 1570765, at *22-23 (E.D.N.Y. May 1, 2012) (quoting *K-Beech, Inc. v. John Does 1-41*, 2012 WL 773683, at *5 (S.D. Tex. 2012)). As noted in *Digital Sins, Inc. v. John Does 1-245*, 2012 WL 1744838 at 3 (S.D.N.Y. 2012):

> In these BitTorrent cases, where numerous courts have already chronicled abusive litigation practices—again, I refer the reader to Magistrate Judge Brown's Report and Recommendation—forcing plaintiff to bring separate actions against separate infringers, and to pay a filing fee for each action, is the single best way to forestall further abuse.

For the foregoing reasons, the Comcast respectfully request that this Court deny Hard Drive's Motion.

---

[4] "The only economy that litigating these cases as a single action would achieve is an economy to plaintiff—the economy of not having to pay a separate filing fee for each action brought. However, the desire to avoid paying statutorily mandated filing fees affords no basis for joinder." *Digital Sins, Inc. v. John Does 1-245*, 2012 WL 1744838 (S.D.N.Y. May 15, 2012)

Dated:  May 22, 2012	Respectfully submitted,

/s/ Paul F. Stack
Paul F. Stack
Mark W. Wallin
**STACK & O'CONNOR CHARTERED**
140 S. Dearborn St., Suite 411
Chicago, Illinois 60603
(312) 782-0690

*Of counsel:*
John D. Seiver
Leslie G. Moylan
Lisa B. Zycherman
**DAVIS WRIGHT TREMAINE LLP**
1919 Pennsylvania Ave., N.W., Suite 800
Washington, DC 20006
(202) 973-4200

*Counsel for Non-Parties Comcast Cable Communications, LLC*