IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| HARD DRIVE PRODUCTIONS, INC., | ) |
| | ) CASE NO.: 1:12-cv-1532 |
| Plaintiff, | ) |
| | ) |
| v. | ) Judge: Hon. Edmond E. Chang |
| | ) Magistrate Judge: Hon. Susan E. Cox |
| DOES 1 – 54, | ) |
| | ) |
| Defendants. | ) |
| | ) |
| | ) |

**PLAINTIFF'S RESPONSE TO MOVANT'S MOTION TO QUASH**

An anonymous individual ("Movant") claiming to be associated with Internet Protocol ("IP") address 96.35.21.42 filed a motion to quash the subpoena issued to Charter Communications ("Charter"). (ECF No. 12.) Movant argues that the subpoena should be quashed because the Court lacks personal jurisdiction over him (*id.* ¶¶ 4-7), and it subjects him to an undue burden (*id.* at 8). For the reasons outlined below, Movant's motion must be denied.

**ARGUMENT**

This brief consists of two parts. Part I argues that Movant's motion should be denied due to its fatal procedural defects. Part II argues that Movant's motion should be denied on the basis of its substantive arguments. Part III contains supplemental briefing on the nature of a BitTorrent swarm and geolocation technology.

**I.   MOVANT'S MOTION SHOULD BE DENIED BECAUSE OF ITS FATAL PROCEDURAL DEFECTS**

Movant's motion suffers from two procedural defects. First, Movant lacks standing to bring the arguments he raises. Second, Movant fails to comply with Federal Rule of Civil Procedure 11.

1

### A. Movant Lacks Standing to Bring the Arguments he Raises

Movant's motion to quash a subpoena issued to a nonparty ISPs should be denied because Movant lacks standing to bring the arguments he raises. When a subpoena is directed to a nonparty, any motion to quash or modify the subpoena generally must be brought by that nonparty. *Vogue Instrument Corp v. LEM Instruments Corp.*, 41 F.R.D. 346, 348 (S.D.N.Y. 1967) (explaining that persons "who were neither the persons to whom subpoenas were directed nor in possession or control of the documents sought by subpoena *duces tecum* lacked standing to move to quash the subpoenas."); *see also* 9 James Wm. Moore, et al., *Moore's Federal Practice* § 45.50[3]; 9A Charles Alan Wright & Arthur R. Miller, *Federal Practice & Procedure* § 2459 (2d ed. 1994). All subpoenas issued pursuant to the Court's March 7 Order (ECF No. 9) were issued to nonparty ISPs. The ISP that provides Internet access to Movant is the entity to which the specific subpoena at issue was directed, and the ISP is also the entity in possession and control of the information sought in the subpoena—not Movant. A potential party to the action does not have standing to assert any rights of the nonparty as a basis for a motion to quash or modify a subpoena. *Brown v. Braddick*, 595 F.2d 961, 967 (5th Cir. 1979); *Shepherd v. Castle*, 20 F.R.D. 184, 188 (W.D. Mo. 1957)); *Thomas v. Marina Assocs.*, 202 F.R.D. 433, 434 (D. Pa. 2001) (citing *Windsor v. Martindale*, 175 F.R.D. 665, 668 (D. Colo. 1997)).

The application of this well-established rule does not leave ISP subscribers without recourse, as an exception to this general rule is applicable under specific circumstances. "The general rule is that a party has no standing to quash a subpoena served upon a third party, except as to claims of privilege relating to the documents being sought." *Windsor v. Martindale,* 175 F.R.D. 665, 668 (D. Colo. 1997); *see also* Fed. R. Civ. P. 45(c)(3)(A)(iii) (a motion to quash may be brought if the subpoena "requires disclosure of privileged or other protected matter, if no exception or waiver applies."). Movant alludes to a "personal right and privileged [sic] of

protection of information" (ECF No. 12 ¶ 1), but does not further elaborate on what information specifically is privileged or protected. (*See generally id.*) This vague statement is insufficient for quashing a subpoena. *Hard Drive Productions, Inc. v. John Does 1-44*, No. 11-2828 (N.D. Ill. Aug. 9, 2011), ECF No. 15 at *2 ("[the movant] has made no effort to explain in what manner his identity as the user of [his] IP address . . . is privileged information. [The movant] instead focuses his arguments on the burden associated with having to appear in court for purposes of contesting personal jurisdiction. . . . The court finds this argument to be unpersuasive.") Movant's motion should therefore be denied, as he lacks standing to bring any of his arguments to quash or modify the subpoena.

  **B. Movant's Motion Should be Stricken for its Failure to Comply with Federal Rule of Civil Procedure 11**

  Movant failed to provide any identifying information sufficient to satisfy Federal Rule of Civil Procedure 11. Rule 11 provides that "[e]very pleading, written motion, and other paper must be signed" and "must state the signer's address, e-mail address, and telephone number." Fed. R. Civ. P. 11(a). This rule is intended to maintain the integrity of the system of federal practice and procedure, deter baseless filings, and streamline the administration and procedure of federal courts. *Business Guides, Inc. v. Chromatic Commc'ns Enters., Inc.*, 498 U.S. 533, 552 (1990); *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 393 (1990). "[P]arties to a lawsuit must typically openly identify themselves in their pleadings to 'protect[] the public's legitimate interest in knowing all of the facts involved, including the identities of the parties.'" *United States v. Microsoft Corp.*, 56 F.3d 1448, 1463 (D.C. Cir. 1995) (citing *Doe v. Frank*, 951 F.2d 320, 322 (11th Cir. 1992)); *see also Qualls v. Rumsfeld*, 228 F.R.D. 8, 10 (D.D.C. 2005). The court in *IO Group, Inc. v. Does 1–244*, No. 10-03647 (N.D. Cal. May 10, 2011) explains that "[t]here is no way to determine whether the motion was filed by a real party in interest or a

stranger to the litigation. As such, the filing is improper . . . If Possible John Doe wishes to appear in this action anonymously or otherwise, he or she must follow the proper procedures for doing so." The same concerns are present here.

Allowing anonymous persons to litigate before a court raises many issues, including the risk that persons without any connection to a case whatsoever submit pleadings that affect the future course of litigation for actual parties to the case. Courts deny motions on this basis. *Hard Drive Productions, Inc., v. Does 1-21*, No. 11-00059 SEB (S.D. Ind. July 27, 2011), ECF No. 22. ("[T]he Court cannot permit anonymous persons to litigate before it *pro se*.") *Pink Lotus Entertainment, LLC, v. John Does 1-53*, No. 11-22103 (S.D. Fla. Sept. 6, 2011), ECF No. 19 (Striking a motion to dismiss because the anonymous John Doe failed to comply with Rule 11 of the Federal Rules of Civil Procedure). Movant fails to provide a name, complete address, e-mail address, telephone number, or even a copy of any legal documents (such as the subpoena) he has received in this case. (*See generally* ECF No. 12.) This Court cannot be sure that Movant has any legal status in this case. Movant could be anyone—perhaps someone who simply dislikes copyright infringement lawsuits. Movant could claim anything he wanted in a Motion and face no responsibility for what was asserted. The Court has a responsibility to the parties in a lawsuit to protect them from baseless accusations and unnecessary litigation. *Hard Drive Productions, Inc.*, No. 11-00059 ("The Court must be informed as to the identity of the parties before it for whole host of good reasons, including but not limited to the need to make service of its orders, enforce its orders, and ensure that the Court's resources (and the public tax dollars that fund those resources) are not misspent on groundless litigation.") The Court should strike Movant's motion for failure to comply with this essential rule.

II. **MOVANT'S MOTION SHOULD BE DENIED ON ITS SUBSTANTIVE ARGUMENTS**

Movant's substantive arguments do not provide a basis to quash Plaintiff's subpoena. First, Plaintiff is not required to establish personal jurisdiction in its complaint. Second, Movant's personal jurisdiction arguments are premature. Third, geolocation technology places Movant within the Court's jurisdiction. Fourth, Movant cannot credibly claim that his ISP's compliance with Plaintiff's subpoena would unduly burden him.

A. **Plaintiff is not Required to Establish Personal Jurisdiction in its Complaint**

Movant argues that personal jurisdiction is established if a relationship exists between a party and the state sufficient to established minimum contacts, and "no such relationship has been plead by the Plaintiff." (ECF No. 12 ¶ 5.) Plaintiff is not required to "prove" personal jurisdiction at this stage of the litigation. It is well-established that personal jurisdiction does not even have to be pled. *See*, *e.g.*, *Hagen v. U-Haul Co. of Tenn.*, 613 F. Supp. 2d 986, 1001 (W.D. Tenn. 2009) ("The burden of establishing the existence of personal jurisdiction lies with the party asserting such jurisdiction, i.e. the plaintiff. Although, a plaintiff is only required to meet this burden when challenged by a motion under Rule 12(b)(2) …."); *Hansen v. Neumueller GmbH*, 163 F.R.D. 471, 474-75 (D. Del. 1995) (noting Rule 8 does not require plaintiffs to state grounds on which personal jurisdiction is alleged and that the plaintiff's pleading burden changes once the defendant challenges personal jurisdiction). Federal Rule of Civil Procedure 8(a)(2) requires only "a short plain statement of the claim showing that the pleader is entitled to relief in order to give the defendant fair notice of what the … claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A defendant who:

> receives a complaint and summons from a court in another jurisdiction and believes she is not subject to that court's jurisdiction … has several alternatives available to her. First, she

5

>may ignore the complaint and summons and then, if a default judgment is issued against her, may challenge the issuing court's jurisdiction in a collateral proceeding (presumably closer to home or other assets) when the plaintiff seeks to enforce the judgment. Second, she may voluntarily waive any lack of personal jurisdiction and submit to the district court's jurisdiction. Third, she may appear in the distant court for the limited purpose of deciding the jurisdictional issue.

*Ellis v. Fortune Seas Ltd.*, 175 F.R.D. 308, 311 (S.D. Ind. 1997). Only if the third scenario presents itself would the Court have cause to address personal jurisdiction. *Id.*

### B. Movant's Challenge to Personal Jurisdiction is Premature

Movant further argues that the Court lacks personal jurisdiction over Movant. (ECF No. 12 ¶¶ 4-7.) Movant's challenge to personal jurisdiction is premature at this stage of the litigation, because the Court has limited means to evaluate Movant's specific connections with this forum. *MCGIP, LLC v. Does 1-14*, No. 11-2887 (N.D. Ill. July 26, 2011), ECF No. 19 ("the [movants] argue that this Court may lack personal jurisdiction over them . . . . These arguments are premature."); *Virgin Records Am., Inc. v. Does 1–35*, No. 05-1918, 2006 WL 1028956, at *3 (D.D.C. Apr. 18, 2006) ("In each case, courts have rejected [the jurisdiction] argument as 'premature,' even where the Doe defendants assert that they live outside the court's jurisdiction and have minimal or no contacts with that jurisdiction."); *London-Sire Records, Inc. v. Doe 1*, 542 F. Supp. 2d 153, 180–81 (D. Mass 2008) (finding it "premature to adjudicate personal jurisdiction" on the available record). A court cannot properly assess a defendant's contacts with a forum until the defendant has at least been identified. *Hard Drive Productions, Inc. v. Does 1-118*, No. 11-1567 (N.D. Cal. Nov. 8, 2011), ECF No. 28 at *3; *Sony Music Entm't, Inc. v. Does 1–40*, 326 F. Supp. 2d 556, 567 (S.D.N.Y. 2004) (holding that "without identifying information sought by plaintiffs in the [ISP] subpoena, it would be difficult to assess properly the existence of personal jurisdiction over the Doe defendants").

The Court currently has limited information to assess whether his jurisdictional defenses are valid and to evaluate possible alternate bases to establish jurisdiction. *Hard Drive Productions, Inc. v. John Does 1-44*, No. 11-2828 (N.D. Ill. Aug. 9, 2011), ECF No. 15 at *2 ("Unless and until [movant] has been officially brought into this case, the question of personal jurisdiction remains unripe for resolution by the court."); *Call of the Wild Movie, LLC v. Does 1-1,062*, 770 F.Supp. 2d 332, 346 (D.D.C. 2011) ("Without additional information, the Court has no way to evaluate the defendants' jurisdictional defenses."); *Hard Drive Productions, Inc. v. Does 1-118*, No. 11-1567 (N.D. Cal. Nov. 8, 2011), ECF No. 28 at *3 ("a court cannot assess whether personal jurisdiction exists over a particular defendant until the defendant has been identified."); *Hard Drive Productions, Inc. v. Does 1-31*, No. 11-22206 (S.D. Fla. Oct. 24, 2011), ECF No. 25 at *5 ("the Court lacks sufficient information at this stage of the proceedings to evaluate its jurisdictions defenses."). Plaintiff will be able to proceed only against named defendants over whom this court has personal jurisdiction. *Call of the Wild*, 770 F.Supp.2d at 347-48. After the defendants are named and served, they will have an opportunity to file appropriate motions challenging this Court's jurisdiction and that will be the appropriate time for the resolution of this issue. *Id.*; *see also MCGIP, LLC*, No. 11-cv-2887; *Virgin Records*, 2006 WL 1028956, at *3. Until that time, however, Movant's personal jurisdiction arguments are premature.

**C. Geolocation Technology Places Movant within the Court's Jurisdiction**

Movant argues that "IP addresses may be located geographically to determine the proper jurisdiction . . . ." (ECF No. 12 ¶ 6.) Movant is referring to the use of geolocation technology. (*Id.*) Although geolocation technology is not a litmus test for personal jurisdiction, some courts have held its shows where an IP address is *likely* to be located. *Call of the Wild*, 770 F.Supp. 2d at 347 ("publicly available IP lookups reveal only where a defendant is likely to be located.

7

Given that these lookup tools are not completely accurate, this does not resolve the question of whether personal jurisdiction would be proper. Ultimately, the Court would still be unable to properly evaluate jurisdictional arguments until the putative defendants are properly identified and named."). Putting aside the accuracy of geolocation technology, the technology recommended by Movant places him with the state of Illinois. *See WhatIsMyIPAddress*, http://www.whatismyipaddress.com (enter "96.35.21.42" in text entry box; then click "Additional IP Details" button) (last visited May 2, 2012). This geolocation lookup tool places Movant's IP address in Edwardsville, Illinois. (*Id.*) Movant, therefore, is within the Court's jurisdiction as physical presence establishes personal jurisdiction. *Burnham v. Superior Court of Cal., Cnty. of Marin*, 495 U.S. 604, 619 (1990) ("The short of the matter is that jurisdiction based on physical presence alone constitutes due process . . . .").

### D. Movant Cannot Credibly Claim that Charter's Compliance with the Subpoena Would Unduly Burden Him

Movant claims that the subpoena should be quashed because the subpoena subjects him to an undue burden because he'd have to travel across the country to litigate in this district. (ECF No. 12 ¶ 8.) Movant, however, is not the recipient of Plaintiff's subpoena. Movant faces no obligation to produce any information under the subpoena issued to his nonparty ISP or travel in any way and consequently "cannot claim any hardship, let alone undue hardship." *Voltage Pictures, LLC v. Does 1–5,000*, No. 10-0873, 2011 WL 1807438, at *3 (D.D.C. May 12, 2011); *see also Worldwide Film Entm't, LLC v. Does 1–749*, No. 10-0038, 2010 WL 19611962, at *2 (D.D.C. May 17, 2010) (finding that movant challenging nonparty ISP subpoena cannot demonstrate "*any* burden"); *Hard Drive Productions, Inc. v. Does 1–46*, No. 11-1959 (N.D. Cal. June 16, 2011), ECF No. 19 ("being named as a defendant in a case does not in and of itself constitute an undue burden such that the subpoena should be quashed."). Movant bears the

responsibility of proving undue burden, and "the burden is a heavy one," requiring Movant to establish that compliance with the subpoena would be "unreasonable and oppressive." *In re Yassai*, 225 B.R. 478, 483–84 (Bankr. C.D. Cal. 1998) (citing *Williams v. City of Dallas*, 178 F.R.D. 103, 109 (N.D. Tex. 1998)). Movant cannot credibly claim any hardship at this juncture; only the nonparty ISP subject to Plaintiff's subpoena could potentially claim the same.

The exhaustive list of situations in which a court may quash or modify a subpoena is set forth in Fed. R. Civ. P. 45(c)(3). Movant's only allowable basis for quashing a subpoena is if it "requires disclosure of privileged or other protected matter, if no exception or waiver applies." *Id.* 45(c)(3)(A)(iii). No other 45(c)(3) grounds apply here; in particular, undue burden objections properly lie with subpoenaed ISPs, and not with Movant. *See First Time Videos, LLC v. Does 1– 500*, No. 10-6254 (N.D. Ill. Aug. 9, 2011) ("[I]f anyone may move to quash these subpoenas on the basis of an undue burden, it is the ISPs themselves, as they are compelled to produce information under the subpoena."); *Call of the Wild Movie, LLC v. Does 1-1,062*, 770 F.Supp. 2d 332, 358-359 (D.D.C. 2011) (describing undue burden test as balancing the burden imposed on the *party subject to the subpoena*, the relevance of the information sought, the breadth of the request, and the litigant's need for the information); *Kessel v. Cook Cnty.*, No. 00-3980, 2002 WL 398506, at *2 (N.D. Ill. Mar. 14, 2002) (noting that objections based on burden lie with the subpoenaed party and rejecting all of plaintiffs' objections to defendants' nonparty subpoenas except "the objections that are personal to the plaintiffs," namely "privacy, privilege and harassment"). The Court should deny Movant's motion because only a subpoenaed ISP could credibly bring an undue burden argument.

9

### III. SUPPLEMENTAL BRIEFING ON THE NATURE OF A BITTORRENT SWARM AND GEOLOCATION TECHNOLOGY

At the May 1, 2012 hearing in this action, the Court requested supplemental briefing on the nature of a BitTorrent swarm and geolocation technology. A BitTorrent swarm is a group of individuals who collaborate to reproduce and distribute a specific unique file. (*See* ECF No. 6-1 ¶ 8.) In this case, the file in question was a digital video consisting of Plaintiff's copyrighted work. The boundaries of a swarm are established by a hash value that precisely identifies a unique file. (*See id.* ¶¶ 14-15.) When two files share the same hash value, they are identical. For example, although a given video might have two versions—low-resolution and high-resolution— these different versions would be associated different hash values. A hash value is simply a fixed-length string that is generated by an algorithm applied to a variable-length block of data, such as data contained in a video file. One could compare a hash value to a fingerprint. When individuals collaborate to distribute a file with the same hash value, they are collaborating with respect to an identical file. Swarms are formed with respect to a given hash value.

The nature of collaboration within a swarm involves sustained message exchange and data transfer among peers in a swarm.[1] (*See id.* ¶ 9.) When a user loads a torrent file into his BitTorrent software, the BitTorrent software reads the torrent file to ascertain the location of peers in the swarm. (*See id.*) The user sends BitTorrent-protocol messages to peers requesting pieces of the subject file. (*See id.*) When peers respond with pieces of the file, the user immediately begins distributing those pieces to other peers in the swarm. (*See id.*) This process continues until the user has collected all of the pieces of a file. (*See id.*) The user will continue

---

[1] In BitTorrent vernacular, a given individual is called a peer and the group of individuals who collaborate to replicate a file comprise a swarm.

distributing pieces of the file to peers in the swarm unless he manually exits the swarm. Even after he exits the swarm the pieces he distributed will be redistributed by the remaining peers.

With respect to geolocation, geolocation is simply a term used to describe querying databases that associate IP addresses with geographic locations. Different databases rely on different sources of information and different techniques for analyzing the information. A given database can be highly accurate in some circumstances, but highly inaccurate in others. To Plaintiff's knowledge, there is no database that is necessarily highly accurate in all circumstances. A plaintiff in a similar copyright infringement action recently had a telecommunications expert perform an assessment of geolocation in connection with a hearing on a motion to quash. *See AF Holdings LLC v. Does 1-1058*, No. 12-00048 (D.D.C. 2012). That expert, who was located in Florida, found that geolocation databases placed him in locations as diverse as Florida, Virginia and New York City. *Id.*, ECF Nos. 38-7, 38-8. He then travelled to Washington DC where the geolocation services that were most accurate in the first test placed him in Kansas, while geolocation services that were inaccurate in the first test correctly placed him Washington DC. *Id.*, ECF No. 38-9. The expert's conclusion is that geolocation can be highly accurate, but it can also be highly inaccurate. Further, there is no way to determine, *a priori*, whether a given result is accurate.

Some courts have held that the use of geolocation establishes good cause with respect to personal jurisdiction. *AF Holdings LLC v. Does 1-96*, No. 11-3335 (N.D. Cal. Nov. 22, 2011), ECF No. 29 at 4 ("Plaintiff also represents that it has used geolocation technology to trace the IP addresses of each Doe Defendant to California; in other words, Plaintiff has made a prima facie showing of personal jurisdiction over each Doe Defendant.") Other courts have held that it is a non-dispositive factor. *Call of the Wild Movie, LLC v. Does 1-1,062*, 770 F.Supp. 2d 332, 347

(D.D.C. 2011) ("publicly available IP lookups reveal only where a defendant is likely to be located. Given that these lookup tools are not completely accurate, this does not resolve the question of whether personal jurisdiction would be proper. Ultimately, the Court would still be unable to properly evaluate jurisdictional arguments until the putative defendants are properly identified and named.") In this case, geolocation technology places Movant in Edwardsville, Illinois.

## CONCLUSION

The Court should deny Movant's motion. Movant's motion suffers from two procedural defects: Movant lacks standing to bring the arguments he raises; and Movant fails to comply with Federal Rule of Civil Procedure 11. Movant's substantive arguments do not provide a basis to quash Plaintiff's subpoena: Movant's personal jurisdiction arguments are premature and erroneous; and Movant cannot credibly claim that his ISP's compliance with Plaintiff's subpoena would unduly burden him.

Respectfully submitted,

Hard Drive Productions, Inc.

DATED: May 22, 2012

By: /s/ Paul Duffy
Paul Duffy (Bar No. 6210496)
Prenda Law Inc.
161 N. Clark St., Suite 3200
Chicago, IL 60601
Telephone: (312) 880-9160
Facsimile: (312) 893-5677
E-mail: paduffy@wefightpiracy.com
*Attorney for Plaintiff*

12

## **CERTIFICATE OF SERVICE**

    The undersigned hereby certifies that on May 22, 2012, all counsel of record who are deemed to have consented to electronic service are being served a true and correct copy of the foregoing document using the Court's CM/ECF system, in compliance with Local Rule 5.2(a).

                                          /s/ Paul Duffy
                                          Paul Duffy