IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| HARD DRIVE PRODUCTIONS, INC., ) | |
| ) | CASE NO.: 1:12-cv-1532 |
| Plaintiff, ) | |
| ) | |
| v. ) | Judge: Hon. Edmond E. Chang |
| ) | Magistrate Judge: Hon. Susan E. Cox |
| DOES 1 – 54, ) | |
| ) | |
| Defendants. ) | |
| ) | |
| ) | |

**PLAINTIFF'S RESPONSE TO MOVANT'S MOTION TO QUASH SUBPOENA**

An anonymous individual ("Movant") claiming to be associated with Internet Protocol ("IP") address 75.5.75.57 filed, through attorney Kevin W. Guynn, a motion to quash the subpoena issued to AT&T Internet Services. (ECF No. 18.) Movant denies infringing on Plaintiff's copyrighted work. (*Id.* at 2-3.) Further, Movant argues he has standing to quash the subpoena issued to AT&T Internet Services. (*Id.* at 4-5.) Finally, Movant fails to set forth a valid reason under the law for why Plaintiff's subpoena should be quashed, but instead cites to a handful of cases that have limited applicability to the present action and resorts to *ad hominem* attacks against Plaintiff. (*Id.* at 5-8.) For the reasons stated below, Movant's motion should be denied.

**ARGUMENT**

This brief consists to four parts. Part I argues that Movant lacks standing to bring the arguments he raises. Part II argues that Movant's factual denials are not a basis to quash Plaintiff's subpoena. Part III argues that the cases cited by Movant in support of his arguments

1

are distinguishable from the present case. Part IV argues that Movant's *ad hominem* attacks on Plaintiff do not provide a basis for quashing the subpoena.

## I. MOVANT LACKS STANDING TO BRING THE ARGUMENTS HE RAISES

Movant argues that he has standing to move to quash Plaintiff's subpoena because AT&T Internet Service "effectively transferred to Defendant the right and obligation to object to the subpoena since AT&T has indicated it will not provide any objection on Defendant's behalf." (ECF No. 18 at 4.) Movant provides no legal authority for this claim of transfer of right to move to quash a subpoena. (*See generally id.*) The general rule is that when a subpoena is directed to a nonparty, any motion to quash or modify the subpoena must be brought by that nonparty. *Vogue Instrument Corp v. LEM Instruments Corp.*, 41 F.R.D. 346, 348 (S.D.N.Y. 1967) (explaining that persons "who were neither the persons to whom subpoenas were directed nor in possession or control of the documents sought by subpoena *duces tecum* lacked standing to move to quash the subpoenas."). The cases cited by Movant for the opposite proposition (ECF No. 18 at 4) are in regards to criminal cases and provide no basis to go against the overwhelming authority that holds that Movant lacks authority to move to quash the subpoena issued to a different entity in a civil action. *See e.g.*, *Imperial Enterprises, Inc. v. Does 1-3,145*, No. 11-0529 (D.D.C. Aug. 30, 2011), ECF No. 43 at *8; *MCGIP, LLC v. John Does 1-32*, No. 11-22210 (S.D. Fla. Oct. 11, 2011), ECF No. 13 at *1; *Pacific Century International, LTD. v. Does 1-30*, No. 11-3035 (S.D. Tex. Nov. 16, 2011), ECF No. 10 at *2; *First Time Videos LLC v. John Doe*, No. 11-00690 (E.D. Va. Apr. 18, 2012), ECF No. 25 at *3.

The application of this well-established rule does not leave ISP subscribers without recourse, as an exception to this general rule is applicable under specific circumstances. "The general rule is that a party has no standing to quash a subpoena served upon a third party, except

as to claims of privilege relating to the documents being sought." *Windsor v. Martindale,* 175 F.R.D. 665, 668 (D. Colo. 1997); *see also* Fed. R. Civ. P. 45(c)(3)(A)(iii) (a motion to quash may be brought if the subpoena "requires disclosure of privileged or other protected matter, if no exception or waiver applies."). Movant argues that Plaintiff's counsel will have made "a serious misrepresentation" to one of the courts if Plaintiff's counsel were to argue the Movant lacks standing to move to quash the subpoena, when Plaintiff's counsel has previously stated that "Does may then move the court to quash the subpoenas." (ECF No. 18 at 5.) There is no misrepresentation. The fact is that Movant *does* have standing to move to quash the subpoena, but only for the limited argument that the subpoena seeks *privileged* information. *Windsor*, 175 F.R.D. at 668. Movant did not make a claim of personal right or privilege anywhere in his motion. (*See generally* ECF No. 18.) Movant's motion should therefore be denied, as he lacks standing to bring any of his arguments to quash or modify the subpoena.

## II. MOVANT'S FACTUAL DENIAL IS PREMATURE AND NOT A BASIS TO QUASH THE SUBPOENA

Movant denies infringing on Plaintiff's copyrighted work, and argues that "Defendant was not involved in the downloading or file sharing of the adult video described in the Complaint in this action." (ECF No. 18 at 3); (*see also* ECF No. 18-1). A denial of liability, however, is not a basis for quashing Plaintiff's subpoena. *First Time Videos, LLC v. Does 1–500*, No. 10-6254 (N.D. Ill. Aug. 9, 2011), ECF No. 151 ("A general denial of liability is not relevant as to the validity or enforceability of a subpoena, but rather should be presented and contested once parties are brought properly into the suit."); *MCGIP, LLC v. Does 1–316*, No. 10-6677, 2011 WL 2292958, at *1 (N.D. Ill. June 9, 2011) ("A general denial of engaging in copyright infringement . . . is not a basis for quashing a subpoena."); *MCGIP, LLC v. Does 1–18*, No. 11-1495 EMC, 2011 WL 2181620, at *1 (N.D. Cal. June 2, 2011) ("[T]he merits of this case are not relevant to

3

the issue of whether the subpoena is valid and enforceable."); *Voltage Pictures, LLC v. Does 1–5,000*, No. 10-0873, 2011 WL 1807438, at *2 (D.D.C. May 12, 2011) ("A general denial of liability is not a basis for quashing the plaintiff's subpoena.").

The proper time to raise these factual denials is after Movant has actually been identified and named as a party in this lawsuit— the latter being a step that Plaintiff may or may not choose to take based on its own evaluation of Movant's assertions. *Achte/Neunte Boll Kino Beteiligungs GMBH & Co.*, 736 F. Supp. 2d 212, 215 (D.D.C. Sept. 10, 2010) (denying motions to quash and stating that "such defenses are not at issue" before putative defendants are named parties); *Fonovisa, Inc. v. Does 1–9*, No. 07-1515, 2008 WL 919701, at *8 (W.D. Pa. Apr. 3, 2008) (denying motion to quash and stating that movant will be able to "raise, at the appropriate time [after being named as a party], any and all defenses, and may seek discovery in support of its defenses"). Even if Movant is not the actual infringer, he is the only individual currently known Plaintiff that would be able to help identify the true infringer. The Court should deny the Movant's motion because his factual denial is premature and not a basis to quash a subpoena.

### III. THE CASES CITED BY MOVANT IS SUPPORT OF HIS ARGUMENTS ARE PLAINLY DISTINGUISHABLE FROM THE PRESENT CASE

Movant cites to several cases that involve different pleadings, a different procedural contexts, different facts, and different parties than the instant case. (ECF No. 18 at 5-6); (*see also* ECF Nos. 18-4, 18-5, 18-6). The decision in *Pacific Century International, LTD. v. Does 1-37*, for example, was in regards to motion to compel compliance with a subpoena and not a motion to quash a subpoena. No. 12-1057 (N.D. Ill. Mar. 30, 2012), ECF No. 23. Further, the motion to compel compliance with the plaintiff's subpoena was granted in regards to the case brought against multiple Doe defendants; the same as instant case. (*Id.* at 14.)

4

The court in *In re: Bittorrent Adult Film Copyright Infringement Cases* granted motions to quash because the copyrighted "not subject of a copyright registration." No. 12-1147 (E.D. N.Y. May 1, 2012), ECF No. 4 at 2. That concern is not present here. (*See* ECF No. 1.)

The order in *AF Holdings LLC v. Does 1-135* was simply an order to show cause, which the plaintiff complied. No. 11-3336 (N.D. Cal. Feb. 23, 2012), ECF No. 42. The order was not in regards to a subpoena, and no motions to quash were granted in the case. The cases cited by Movant in support of his arguments are not applicable to the instant case and do not provide a basis for the relief sought by Movant.

### IV. MOVANT'S *AD HOMINEM* ATTACKS ON PLAINTIFF DO NOT PROVIDE A BASIS FOR QUASHING THE SUBPOENA

Movant accuses Plaintiff of "extorting 'settlement' money from identified Does, and there is no intent to actually move forward with the litigation after the 'Does' have been identified" (ECF No. 18 at 6) and that "Plaintiff's sole interest in filing this litigation is to extort a settlement payment from this Defendant, regardless of his guilt or innocence." (*Id.* at 8.) Not only does Movant fail to provide any evidence for these vicious claims, but the list of permissible grounds for quashing or modifying a subpoena does not include *ad hominem* attacks. *See* Fed. R. Civ. P. 45(c)(3). While Movant goes to great lengths to portray Plaintiff in a negative light, there is nothing wrong with a corporation focused on protecting its intellectual property— except, of course, from the perspective of an infringer.

Further, Movant's statement is misleading. Movant states that "not a single Doe had ever been served with the Complaint and Summons" in any of Plaintiff's cases. (ECF No. 18 at 6.) Plaintiff has named and served several individuals in cases it has brought for copyright infringement of its works. *See e.g.*, *Hard Drive Productions, Inc. v. Syed Ahmed*, No. 11-2828 (N.D. Ill. Oct. 25 2011); *Hard Drive Productions, Inc. v. Gessler Hernandez*, No. 11-22206

5

(S.D. Fla. Apr. 9, 2012); *Hard Drive Productions, Inc. v. John Doe and Matthew Rinkenberger*, No. 12-1053 (C.D. Ill. Apr. 24, 2012). *Movant's ad hominem* attacks and misleading statements do not act as a basis to quash Plaintiff's subpoena.

## CONCLUSION

The Court should deny Movant's motion. Movant lacks standing to bring the arguments he raises. Movant's factual denials are not a basis to quash Plaintiff's subpoena. The cases cited by Movant in support of his arguments are distinguishable from the present case. Movant's *ad hominem* attacks on Plaintiff do not provide a basis for quashing the subpoena.

                                          Respectfully submitted,

                                          Hard Drive Productions, Inc.

DATED: June 5, 2012

                                          By:    /s/ Paul Duffy
                                                        Paul Duffy (Bar No. 6210496)
                                                        Prenda Law Inc.
                                                         161 N. Clark St., Suite 3200
                                                         Chicago, IL 60601
                                                         Telephone: (312) 880-9160
                                                         Facsimile: (312) 893-5677
                                                         E-mail: paduffy@wefightpiracy.com
                                                         *Attorney for Plaintiff*

## **CERTIFICATE OF SERVICE**

  The undersigned hereby certifies that on June 5, 2012, all counsel of record who are deemed to have consented to electronic service are being served a true and correct copy of the foregoing document using the Court's CM/ECF system, in compliance with Local Rule 5.2(a).

                /s/ Paul Duffy
                Paul Duffy