IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| HARD DRIVE PRODUCTS, | ) |
| | ) |
| Plaintiff, | ) Case No. 1:12-cv-01532 |
| | ) |
| v. | ) **Honorable Edmond E. Chang.** |
| | ) |
| DOES 1-54, | ) **Magistrate Judge Susan E. Cox** |
| | ) |
| Defendants. | ) |

## REPLY MEMORANDUM IN SUPPORT DEFENDANT 75.5.75.57'S MOTION TO QUASH SUBPOENA ISSUED TO AT&T INTERNET SERVICES

Defendant identified as Internet Protocol Number 75.5.75.57 (January 7, 2012), through his counsel Greer, Burns & Crain, Ltd., submits this Reply Memorandum in reply to the Response Memorandum of Plaintiff, ECF 25:

### I.  STANDING

Plaintiff argues that Defendant 75.5.75.57 lacks standing to move to quash Plaintiff's subpoena for any of the arguments raised by Defendant. However, Plaintiff acknowledges that Defendant "can argue privacy" (ECF 25, page 2, lines 1-2) and Defendant "does have standing to move to quash the subpoena, but only on the basis that the subpoena seeks information subject to a personal right or privilege" (ECF 25, page 2, lines 7-8). Plaintiff, however, is incorrect in stating that the Defendant did not make a claim of personal right anywhere in his motion.

1

Defendant, in fact, did raise his personal right of privacy, among other personal rights at page 3 of the Supplemental Motion to Quash the Subpoena, EFC 19. The right to privacy and protecting his personally identifiable information, an issue raised by Defendant in his original motion, is a right that is recognized by Congress as codified at 47 USC 551. That statute, which applies to all "cable operators" defined as any person who "provides any wire or radio communications service," clearly covers AT&T in this situation, and requires the cable operator to maintain the subscriber's "personally identifiable information" confidential. Disclosure of that information is strictly limited under the statute.

With respect to what information may be released, 47 USC 551 (c)(2)(C) limits the disclosure to only the "names and addresses of subscribers" (not telephone numbers or other identifying information as requested in Plaintiff's subpoena) when there is a "court order authorizing such disclosure" and then only "if the subscriber is notified of such order" (47 USC 551 (c)(2)(B), "the cable operator has provided the subscriber the opportunity to prohibit or limit such disclosure" (47 USC 551 (c)(2)(C)(i), and only so long as "the disclosure does not reveal, directly or indirectly, the extent of any viewing or other use by the subscriber of a cable service or other service provided by the cable operator" (47 USC 551 (c)(2)(C)(ii)(I)).

Thus, Congress has recognized that subscribers have a personal protectable privacy interest in their personally identifiable information and that those subscribers have the right to be granted an opportunity to prohibit or limit the disclosure of their personally identifiable information. The only avenue that those subscribers would have to exercise their opportunity of prohibiting or limiting the disclosure, would be by appearing in the court where the order is to be rendered, and challenging that order.

Clearly, Congress would not codify the subscriber's right to protect their privacy without allowing the subscriber the right to seek to enforce their rights.

Fed. R. Civ. P 45(c)(3)(A)(iii) specifically allows for a motion to quash to be brought if the subpoena required disclosure of privileged <u>or other protected matter</u> (emphasis added)." Defendant's personally identifiable information is clearly recognized as statutorily protected matter (47 USC 551), and therefore Defendant has standing to present this motion to quash in order to protect his personally identifiable information.

The Plaintiff has not cited any binding decisions from the Northern District of Illinois or the Seventh Circuit Court of appeals holding that the Defendant would lack standing to present his motion to quash in order to protect his personally identifiable information. Further, the Plaintiff did not discuss or refute the Seventh Circuit decision cited by Defendant holding that a party has standing to moves to quash a subpoena addressed to another if the subpoena infringes upon the movant's legitimate interests, <u>U.S. v. Raineri</u>, 670 F.2d 702, 712 (7th Cir. 1982).

For each of these reasons, Defendant has demonstrated that he clearly has standing to assert his right to protect his personally identifiable information, his first amendment right to privacy, his being identified and publically associated with conduct that is repugnant to him and against his religious values, and for which he had no involvement, and for which Plaintiff cannot assert with any certainty that he did have any involvement.

The information that Plaintiff is seeking from AT&T is the identity of a person's modem which was assigned a certain IP address at a specific time when certain activity is alleged to have been taking place at that IP address. Thus, what Plaintiff is seeking from AT&T would reveal, directly or indirectly, the extent of any viewing or other use by the subscriber or the nature of a transaction made by the subscriber, both items that are prohibited by 47 USC 551 as noted

3

above. For this additional reason, Defendant has standing to assert that Plaintiff's subpoena should be quashed.

Plaintiff summarily dismisses all of the decisions cited by Defendant by asserting that those cases involve "different pleadings, different procedural contexts, different facts and different parties than the instant case." Apparently Plaintiff is asserting that prior decisions cannot be binding, precedential or even instructive if those cases involved different parties, had different facts (of any nature) or for example, were based on a motion to compel compliance with a subpoena as opposed to a motion to quash the subpoena. Defendant submits that the cases cited are important and instructive for propositions that they were cited for and provide a proper legal basis for supporting the legal and equitable relief that the Defendant is seeking.

## II.     Defendant's Personal Rights Should Be Protected And The Subpoena Should Be Quashed

Given that Defendant has standing to assert his personal rights, the Court must determine whether Plaintiff's need for Defendant's personal identifying information outweighs Defendant's personal rights.

The subpoena is also overly broad and requests information (phone number, email address, Media Access Control address) beyond that permitted under 47 USC 551 (c)(2)(C) and further, the subpoena requests information (Defendant's identifying information) that is not permitted under 47 USC 551 (c)(2)(C)(ii)(I).

Further, although an IP address is assigned to a particular modem, any number of computers or other devices may be connected to that modem at any given time, accessing the internet through that modem, all of which would register activity at that same IP address, so far as the records of AT&T and the observations of others receiving communications from or

sending communications to any computer connected through that modem. Therefore, merely alleging that activity occurred at a given IP address does not establish that any particular person was involved in that activity.

Defendant has provided a declaration, under penalty of perjury, attesting to facts which demonstrate that he views his identity and personal information to be private and confidential when provided to AT&T (ECF 18-1 paragraph 18).

The Plaintiff has not countered this declaration with any additional evidence or argument that would overcome Defendant's statements, nor has Plaintiff even alleged that there is any inaccuracy in Defendant's statements. In the face of a motion supported by a declaration, if the non-moving party does not respond with a counter declaration or refute the statements made in the moving party's declaration, the moving party's declaration stands and the motion should be granted. Local Rule 56.1(b)(3)(C) provides, that in the case of summary judgment motions, all materials facts listed by the moving party are deemed to be admitted unless controverted by the opposing party. Smith v. Lamz, 321 F.3d 680, 682-683 (7th Cir. 2003).

In a motion relating to a petition to quash, another Court in this Circuit, in Menendez v. United States, 872 F.Supp. 567, 571 (S.D. Ind. 1994), held that the contents of an unopposed declaration are undisputed. Further, in Weller v. Cromwell Oil Company, 504 F.2d 927, 929-930 (6th Cir. 1974), the Court held that were a motion to quash service for lack of jurisdiction is filed, supported by affidavits, the non-moving party may not rest upon allegations or denials in his pleadings but his response by affidavit or otherwise must set forth specific facts showing that the court has jurisdiction.

In the present situation, the Plaintiff has not disputed any of the facts set out in the Defendant's declaration, particularly related to Defendant's claim of an expectation of privacy,

5

which therefore must be deemed admitted. With such facts admitted, it is clear that the subpoena to obtain his private personally identifying information, should be quashed.

Defendant has offered to Plaintiff to be deposed as to the facts asserted in his declaration, while maintaining his identity undisclosed (See Guynn Declaration attached hereto as Exhibit 7), and Defendant has also offered to have a court appointed expert analyze his computers to verify that Defendant did not undertake the acts complained of in the Complaint (See ECF 19-2). Plaintiff has not agreed to accept either of these offers by the Defendant, and yet, Plaintiff can in no other way establish any liability of Defendant.

Therefore, the entire exercise regarding this subpoena is futile in that Plaintiff will not ever be able to establish that this individual Defendant undertook the steps of alleged in the Complaint, even assuming that those steps constitute copyright infringement.

Since Plaintiff's request for this information will only lead to a futile result, since Plaintiff has not agreed to investigate the facts which Plaintiff required after it learns of Defendant's identity, and in view of the severe damage and loss of rights that would occur to Defendant if the subpoena is not quashed, Defendant submits that protection of his rights far outweighs any demonstrable need Plaintiff has in ascertaining Defendant's personally identifiable information.

In view of the above reasons, Defendant submits that this Court should quash the subpoena to AT&T with respect to IP address 75.5.75.57 (January 20, 2012). Short of that, the Court should require Plaintiff to depose this Defendant, while maintaining his anonymity, or provide some other concrete evidence of actual liability on the part of this Defendant before the Court permits the disclosure of this Defendant's identity and the damaging public association of this Defendant with the acts alleged in the Complaint.

The Court has also requested briefing on a Defendant's ability to proceed in a lawsuit anonymously. This ability can be addressed for two time periods. The first time period is prior to determination of the motion to quash, in which the Defendant is seeking to prevent the Plaintiff from learning Defendant's identity. The second time period is the time between a determination that this Court permits Plaintiff to learn Defendant's identity and a determination that this Defendant is liable for the copyright infringement that is alleged in the Complaint.

As to the first time period, Defendant must proceed anonymously, or else waive his very arguments as to confidentiality of his personal information, see First Time Videos v. Does 1-500, 276 F.R.D. 241, 247 n. 1 (N.D.Ill. 2011). The entire purpose of this Motion to Quash is to maintain the confidentiality of Defendant's identity, so it is believed that the Court's inquiry relates more to the second period.

As to the second time period, while it is true that judicial proceedings are to be public and open, and the concealment of a party's identity impedes public access to the facts of the case, the Seventh Circuit has recognized that a party can rebut this by showing the harm to the defendant exceeds the harm from concealment. Doe v. City of Chicago, 360 F. 3d 667, 669 (7th Cir. 2004). While in that case the Court did not permit the plaintiff to remain anonymous, it was only because the Court found that the plaintiff had no basis for proceeding anonymously.

In the present case, the Plaintiff has alleged that the Defendant downloaded an adult video, an act that the Defendant has stated in his declaration is repugnant to him and his religion. The mere association of the defendant by name, with this type of activity would be extremely harmful to this Defendant, and the harm to the public of not learning the identity of this Defendant during the proceedings of this litigation would be of only minimal harm. If the Plaitiff is unable to establish copyright infringement by this Defendant, just the association of his

name with the proceedings would still be harmful to the Defendant, and the public would not be benefited at all. Only if the Plaintiff is able to establish liability of Defendant of the alleged acts would the public possibly have any interest or benefit in learning Defendant's identity. Therefore, a balancing of the harms, at least up through a determination of liability for acts actually performed by this Defendant, results in a finding that this Defendant would have a greater harm if his identity were publically associated with this litigation than the harm to the public in not being aware of his identity. Therefore, the identity of this Defendant should remain anonymous, even if this Court were to allow the subpoena to stand, and would allow the Plaintiff to become aware of the Plaintiff's identity during the litigation.

Therefore, Defendant requests that this Court quash the AT&T subpoena as it relates to IP Number 75.7.75.57, or at least require that any personal information relating to Defendant provided to Plaintiff be maintained confidential and under seal in Court documents during the pendency of this action.

Dated this 18th day of June, 2012.

        Greer, Burns & Crain Ltd.

        Attorneys for Defendant, Internet Protocol Number 75.5.75.57 (January 7, 2012),

        /s/ Kevin W. Guynn
        Kevin W. Guynn
        Greer, Burns & Crain, Ltd.
        300 South Wacker Drive, Suite 2500
        Chicago, Illinois 60606
        312.360.0080
        312.360.9315 (facsimile)
        kguynn@gbclaw.net

**CERTIFICATE OF SERVICE**

I hereby certify that on the 18th day of June, 2012, I will electronically file the foregoing with the Clerk of the Court, using the CM/ECF system.

                Greer, Burns & Crain Ltd.

                Attorneys for Defendant, Internet Protocol Number 99.141.128.18 (November 30, 2011)

                /s/ Kevin W. Guynn
Kevin W. Guynn
Greer, Burns & Crain, Ltd.
300 South Wacker Drive, Suite 2500
Chicago, Illinois 60606
312.360.0080
312.360.9315 (facsimile)
kguynn@gbclaw.net